# Exhibit 1

COMMONWEALTH OF VIRGINIA

IN THE BEDFORD COUNTY CIRCUIT COURT

**James Hoback,**

    Plaintiff;

v.

**Synchrony Bank**
    Defendant.

CL 19-000574-00

**COMPLAINT**

COMES NOW, the Plaintiff, James Hoback, by counsel, and files this, his Complaint against Defendant Synchrony Bank (herein "Synchrony") and states as follows:

1. James Hoback has a keen interest in maintaining his credit.

2. Mr. Hoback applied for a Carnival Credit Card, and to his surprise, his application was declined, citing poor credit history.

3. Mr. Hoback was unaware of any legitimate delinquent debts of his at that time.

4. Mr. Hoback subsequently learned that the tradeline in question was a Synchrony Bank / AAMCO co-branded tradeline, though Mr. Hoback had no legitimate Synchrony tradeline and had never contracted with Synchrony for credit for himself or another.

5. Not only has Mr. Hoback not contracted with Synchrony Bank, Mr. Hoback received no benefit from this tradeline.

6. Synchrony has continued to publish and re-publish false information that Mr. Hoback is delinquent on this credit line and has failed to make timely payments.

7. Synchrony has published this information to Equifax, TransUnion, Experian, *inter alia*.

8. Mr. Hoback complained to Equifax, TransUnion, and Experian and alerted each that the derogatory and defamatory information being published about him was incorrect.

9. As a result of these complaints, Equifax, TransUnion, and Experian each requested Synchrony to investigate the derogatory information it was reporting about Mr. Hoback and affirm whether it was true or not.

10. Even after being asked to investigate the basis for its reporting, Synchrony has continued to willfully publish derogatory and defamatory statements about Mr. Hoback to third parties.

## COUNT I: DEFAMATION

11. The allegations contained in paragraphs 1 through 11 of this Complaint are realleged and incorporated herein as if set forth verbatim.

12. The defendant is guilty of defamation *per se*, in that the Defendant published to consumer reporting agencies statements that are false and harmed the Plaintiff's reputation in his community.

13. The statement published to consumer reporting agencies attributed to the Plaintiff an unfitness and lack of integrity in both his personal and professional capacity.

14. The statement has harmed the Defendant, his reputation for creditworthiness and financial responsibility, and has resulted in loss of credit, in ability to access credit that would otherwise be available to him, all of which as resulted in pecuniary harm and mental anguish.

### COUNTS II-V: Three Violations of § 1681s-2(b) of the Fair Credit Reporting Act, Failure to Reasonably Investigate

15. The allegations contained in paragraphs 1-15 of this Complaint are realleged and incorporated herein as if set forth verbatim.

16. Synchrony failed to conduct a reasonable investigation of the disputed credit information on each occasion that the Plaintiff's complaint to the credit reporting agencies triggered an investigation request by Synchrony.

17. At least three such occasions occurred.

18. Had Synchrony conducted reasonable investigations into the disputed credit information, it would have discovered it had no legally enforceable contract or tradeline with Plaintiff.

### COUNTS VI-VII: Violation of § 1681b of the Fair Credit Reporting Act, Impermissible Pull

19. The allegations contained in paragraphs 1-19 of this Complaint are realleged and incorporated herein as if set forth verbatim.

20. On or about March 15, 2018, Synchrony acquired a consumer report regarding James Hoback from TransUnion, a credit reporting agency, with no permissible purpose under law (a credit "pull").

21. Upon information and belief, Synchrony made at least one additional impermissible pull prior to opening the unauthorized trade line.

**WHEREFORE**, Plaintiff respectfully prays this Court for judgment in his favor and against Defendant Synchrony Bank, and for the following relief:

A) Compensatory damages for defamation in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000);

B) Punitive damages for defamation in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000);

C) Punitive damages as provided for by 15 U.S.C. § 1681$n$(2) in the amount of FIFTY THOUSAND DOLLARS ($50,000);

D) Statutory damages as provided for by 15 U.S.C. § 1681$n$(1) in the amount of FIFTY THOUSAND DOLLARS ($50,000);

E) Costs and attorneys' fees as provided for by 15 U.S.C. § 1681$n$(3) and 15 U.S.C. § 1681$o$(2), in an amount to be determined by the Court; and

F)   Such other and further relief as this Court deems just and proper.

A JURY TRIAL IS DEMANDED

Respectfully submitted,

*[signature]*

DEVON ROOD SLOVENSKY, VSB #84459
Slovensky Law PLLC
10 Church Ave. SE, Suite 103
Roanoke, Virginia 24011
(540) 492-5297
Facsimile: (540) 707-9221
dslovensky@slovenskylaw.com