IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

JAMES HOBACK,

        Plaintiff

v.                                            Civil Action No. 6:19-cv-00018-MFU

SYNCHRONY BANK,

        Defendant.

## DEFENDANT SYNCHRONY BANK'S
## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, and hereby Answers the Complaint of Plaintiff James Hoback ("Plaintiff") and sets forth its Affirmative Defenses as follows:

1. James Hoback has a keen interest in maintaining his credit.

   **ANSWER:** Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, Synchrony denies the allegations.

2. Mr. Hoback applied for a Carnival Credit Card, and to his surprise, his application was declined, citing poor credit history.

   **ANSWER:** Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, Synchrony denies the allegations.

3. Mr. Hoback was unaware of any legitimate delinquent debts of his at that time.

   **ANSWER:** Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, Synchrony denies the allegations.

4. Mr. Hoback subsequently learned that the tradeline in question was a Synchrony Bank/AAMCO co-branded tradeline, though Mr. Hoback had no legitimate Synchrony tradeline and had never contracted with Synchrony for credit for himself or another.

**ANSWER:** Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, Synchrony denies the allegations.

5. Not only has Mr. Hoback not contracted with Synchrony Bank, Mr. Hoback received no benefit from this tradeline.

**ANSWER:** Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, Synchrony denies the allegations.

6. Synchrony has continued to publish and re-publish false information that Mr. Hoback is delinquent on this credit line and has failed to make timely payments.

**ANSWER:** Synchrony denies the allegations contained in Paragraph 6.

7. Synchrony has published this information to Equifax, TransUnion, Experian, *inter alia*.

**ANSWER:** Synchrony admits only that it has furnished information regarding the subject AAMCO account (the "Account") to the consumer reporting agencies ("CRAs"). Synchrony denies any remaining allegations asserted in Paragraph 7.

8. Mr. Hoback complained to Equifax, TransUnion, and Experian and alerted each that the derogatory and defamatory information being published about him was incorrect.

**ANSWER:** Synchrony lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, Synchrony denies the allegations.

9. As a result of these complaints, Equifax, TransUnion, and Experian each requested Synchrony to investigate the derogatory information it was reporting about Mr. Hoback and affirm whether it was true or not.

**ANSWER:** Synchrony admits only that that it received communications indicating that the Plaintiff purported to dispute the reporting of the Account. Synchrony denies any remaining allegations contained in Paragraph 9.

10. Even after being asked to investigate the basis for its reporting, Synchrony has continued to willfully publish derogatory and defamatory statements about Mr. Hoback to third parties.

ANSWER:   Synchrony denies the allegations contained in Paragraph 10.

### COUNT I:  Defamation

11.   The allegations contained in paragraphs 1 through 11 of this Complaint are realleged and incorporated herein as if set forth verbatim Answering Paragraph 11 of the Complaint.

ANSWER:   Synchrony incorporates its responses to Paragraphs 1-10 as though set forth in full herein.

12.   The defendant is guilty of defamation per se, in that the Defendant published to consumer reporting agencies statements that are false and harmed the Plaintiff's reputation in his community.

ANSWER:    Synchrony denies the allegations contained in Paragraph 12.

13.   The statement published to consumer reporting agencies attributed to the Plaintiff an unfitness and lack of integrity in both his personal and professional capacity.

ANSWER:   Synchrony denies the allegations contained in Paragraph 13.

14.   The statement has harmed the Defendant, his reputation for credit-worthiness and financial responsibility, and has resulted in loss of credit, in ability to access credit that would otherwise be available to him, all of which has resulted in pecuniary harm and mental anguish.

ANSWER:   Synchrony denies the allegations contained in Paragraph 14.

### COUNTS II-V:  Three Violations of § 1681s-2(b) of the Fair Credit Reporting Act, Failure to Reasonably investigate

15.   The allegations contained in paragraphs 1-15 of this Complaint are realleged and incorporated herein as if set forth verbatim.

ANSWER:   Synchrony incorporates its responses to Paragraphs 1-14 as though set forth in full herein.

16. Synchrony failed to conduct a reasonable investigation of the disputed credit information on each occasion that the Plaintiffs complaint to the credit reporting agencies triggered an investigation request by Synchrony.

   **ANSWER:** Synchrony denies the allegations contained in Paragraph 16.

17. At least three such occasions occurred.

   **ANSWER:** Synchrony denies the allegations contained in Paragraph 17.

18. Had Synchrony conducted reasonable investigations into the disputed credit information, it would have discovered it had no legally enforceable contract or tradeline with Plaintiff.

   **ANSWER:** Synchrony denies the allegations contained in Paragraph 18.

### COUNTS VI-VII: Violation of § 1681s-2(b) of the Fair Credit Reporting Act, Impermissible Pull

19. The allegations contained in paragraphs 1-19 of this Complaint are realleged and incorporated herein as if set forth verbatim.

   **ANSWER:** Synchrony incorporates its responses to Paragraphs 1-18 as though set forth in full herein.

20. On or about March 15, 2018, Synchrony acquired a consumer report regarding James Hoback from TransUnion, a credit reporting agency, with no permissible purpose under law (a credit "pull").

   **ANSWER:** Synchrony denies the allegations contained in Paragraph 20.

21. Upon information and belief, Synchrony made at least one additional impermissible pull prior to opening the unauthorized trade line.

   **ANSWER:** Synchrony denies the allegations contained in Paragraph 21.

   **WHEREFORE,** Plaintiff respectfully prays this Court for judgment in his favor and against Defendant Synchrony Bank, and for the following relief:

   a. Compensatory damages for defamation in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000);

   b. Punitive damages for defamation in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000);

  c. Punitive damages as provided for by 15 U.S.C. § 1681n(2) in the amount of FIFTY THOUSAND DOLLARS ($50,000);

  d. Statutory damages as provided for by 15 U.S.C. § 168ln(l) in the amount of FIFTY THOUSAND DOLLARS ($50,000);

  e. Costs and attorneys' fees as provided for by 15 U.S.C. § 1681n(3) and 15 U.S.C. § 16810(2), in an amount to be determined by the Court; and

  f. Such other and further relief as this Court deems just and proper.

**ANSWER:** In response to the "Wherefore" clause following Paragraph 21, Synchrony denies that Plaintiff is entitled to any relief whatsoever.

  22. Synchrony denies all allegations in the Complaint except those expressly admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

  1. The Complaint fails to state a claim upon which relief may be granted.

  2. To the extent that Plaintiff may have or will suffer any damages as alleged in the Complaint, which Synchrony denies, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons other than Synchrony, over whom Synchrony had no control, and for whose conduct Synchrony is not responsible, which bars or diminishes any recovery by Plaintiff against Synchrony.

  3. Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

  4. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

  5. Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

6. Synchrony reserves the right to assert additional affirmative defenses as may become known or available to it.

**WHEREFORE**, Synchrony Bank requests that the Court enter judgment in its favor and decline to grant to Plaintiff any of the relief that he has requested.

Dated: June 25, 2019

Respectfully Submitted,

SYNCHRONY BANK

By Counsel

/s/ Justin M. Sizemore
Justin M. Sizemore (VSB# 71859)
Marvin R. Smith, Jr. (VSB# 79744)
Attorney for Synchrony Bank
REED SMITH LLP
901 East Byrd Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 344-3400
Fax: (804) 344-3410
marvin.smith@reedsmith.com
jsizemore@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2019, a true and correct copy of the foregoing was electronically filed through the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel of record, including:

>Devon R. Slovensky., Esq.
>10 Church Ave. SE, Suite 103
>Roanoke, VA 24011
>(540) 492-5297

>/s/ Justin M. Sizemore
>Justin M. Sizemore (VSB# 71859)
>Attorney for Synchrony Bank
>REED SMITH LLP
>901 East Byrd Street, Suite 1900
>Richmond, Virginia 23219
>Telephone: (804) 344-3400
>Fax: (804) 344-3410
>jsizemore@reedsmith.com