CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/17/2019
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

JAMES HOBACK,

        Plaintiff

v.                                           Civil Action No. 6:19-cv-00018-MFU

SYNCHRONY BANK,

        Defendant.

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

**4. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL, ending objection, under the terms of this Order.

**5. Protection of Confidential Material.**

    **a. General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **b. Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

        **i. Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

        **ii. Parties.** Parties and employees of a party to this Order.

**iii. Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**iv. Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**v. Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**c. Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**d. Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**e. Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by Fed. R. Evid. 502.

6. **Filing of CONFIDENTIAL Documents Under Seal.** Motions for Filing Documents under seal shall be made according to the provisions of Local Rule 9.

    **a.** Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    **b.** Where agreement is not possible or adequate, before a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "SEALED," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.

    **c.** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

    **d.** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

7. **Challenges by a Party to Designation as Confidential.** In the event that any party disagrees at any point in these proceedings with any designation made under this Protective Order, the parties

shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking disclosure of the disputed information shall state in writing to the party seeking the confidential designation that the dispute cannot be resolved and the reasons that party seeking disclosure opposes the confidential designation. The party seeking the designation may seek appropriate relief from this Court at any point up to 21 days after it receives such written notice. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order. .

**8. Action by the Court. Applications to the Court for an order relating to any documents** designated CONFIDENTIAL shall be by motion, governed by the Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**9. Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10. Obligations on Conclusion of Litigation.**

**a. Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**b. Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

**c. Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served pursuant to the Local Rules and other relevant orders.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

Entered: September 17, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

WE SO STIPULATE
And agree to be bound by the

Terms of the Order:

_____
Devon R. Slovensky
*Counsel for Plaintiff James Hoback*


WE SO STIPULATE
And agree to be bound by the
Terms of the Order:


 /s/ Justin M. Sizemore
Justin M. Sizemore
Marvin R. Smith, Jr.
*Counsel for Defendant Synchrony Bank*

# EXHIBIT A

1. I, _____, residing at _____, have read the foregoing Protective Order (the "Order") in the case captioned *James Hoback v. Synchrony Bank*; Case No. 6:19-ap-00018-MFU (the "action"). I agree to be bound by its terms with respect to any documents designated as "CONFIDENTIAL" there under that are furnished to me as set forth in the Order.

2. I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, designated as "CONFIDENTIAL" other than as set forth in the Order; and (b) not to make any copies of any documents designated as "CONFIDENTIAL" except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Western District of Virginia with regard to any proceedings to enforce the terms of the Order against me.

4. I hereby agree that any documents designated as "CONFIDENTIAL" that are furnished to me will be used by me only for the purposes of the action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person. At the conclusion of the action, I agree that all documents designed "CONFIDENTIAL" in my possession or control, including any reproductions of such documents, must be returned to the Producing Party or its counsel and that all summaries of such material and all memoranda, pleadings or other documents containing such material shall be destroyed.

_____  _____
Date                     Signature